# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YOLANDA WHITE | CIVIL ACTION |
| VERSUS | No. 12-1729 |
| OCCIDENTAL FIRE & CASUALTY INSURANCE COMPANY OF NORTH CAROLINA, ET AL. | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] to remand filed by plaintiff, Yolanda White ("White"). Defendants, Occidental Fire & Casualty Insurance Company of North Carolina ("Occidental") and Ennis, Inc. ("Ennis"), have filed an opposition.[2] For the following reasons, the motion to remand is **GRANTED.**

### *BACKGROUND*

White alleges that on or about November 20, 2011, she suffered severe and disabling injuries on the grounds of the Louis Armstrong International Airport in New Orleans while attempting to board a vehicle driven by defendant, Michael Carter ("Carter"), in the scope of his employment for Ennis.[3] White alleges that, because Carter did not have his foot on the brake, the vehicle started rolling as she attempted to board the vehicle.[4]

On June 7, 2012, White filed a petition for damages in Orleans Parish Civil District Court against Carter as well as Ennis, his employer, Occidental, which provided Ennis with liability

---

[1] R. Doc. No. 5

[2] R. Doc. No. 8.

[3] R. Doc. No. 1-2.

[4] *Id.*

1

coverage, and Allstate, which provided White with uninsured/underinsured motorist coverage.[5] White alleges that each of the defendants are liable jointly and *in solido* for damages as a result of the accident.[6]

On July 2, 2012, defendants, Occidental and Ennis, removed the case to this Court.[7] Defendants contend that this Court has subject matter jurisdiction because White and defendants, Occidental, Ennis, and Allstate, are citizens of different states and the amount in controversy exceeds $75,000.[8] Defendants argue that Carter, the only non-diverse defendant, is merely a "nominal and non-necessary party who is being named a defendant to defeat removal based on diversity of the parties . . . ."[9] Because, they allege, any judgment will ultimately be satisfied by Ennis and Occidental, defendants argue that Carter's state of citizenship may be disregarded and cannot be asserted to defeat this Court's jurisdiction.[10]

On July 31, 2012, White filed this motion to remand the case to state court.[11] White contends that this Court lacks subject matter jurisdiction because complete diversity does not exist among the parties.[12] White contends that Carter is not a "nominal party" whose citizenship

---

[5] *Id.*

[6] *Id.*

[7] R. Doc. No. 1.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] R. Doc. No. 5.

[12] *Id.*

may be disregarded because he is the actual tortfeasor and he is jointly liable with the other defendants for the damages sought in her lawsuit.[13]

## *LAW & ANALYSIS*

Federal courts have subject matter jurisdiction over cases in which all plaintiffs are diverse from all defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267, 2 L. Ed. 435 (1806). Defendants may remove an action "'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought.'" *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83-84, 126 S. Ct. 606, 609, 163 L. Ed. 2d 415 (2005) (quoting U.S.C. 28 § 1441(b)).

Defendants contend that Carter is not an indispensable party under Federal Rule of Civil Procedure 19 and that his presence should not be permitted to defeat this Court's jurisdiction. However, it is well-settled that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination."[14] *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962); *see also* 13F Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, *Devices to Create or Destroy Diversity of Citizenship Jurisdiction—Joinder of Nondiverse Parties* § 3641.1 (3d ed. 2012) (citing *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1404 (D. Colo. 1989) ("Where a plaintiff seeks monetary damages against defendants alleged to be jointly and severally liable, the court may not disregard properly joined defendants simply because a non-resident defendant has the capital reserves to satisfy an entire judgment.")). The authorities

---

[13] *Id.*

[14] As the U.S. Court of Appeals for the Fifth Circuit has explained, "The term 'improper joinder' has also been referred to as 'fraudulent joinder'; however, we have previously adopted the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder' . . . ." *Murray v. General Motors, L.L.C.*, No. 11-60618, 2012 WL 2005018, at *6 n.3 (5th Cir. June 5, 2012) (internal quotation marks omitted) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n. 1 (5th Cir. 2004) (en banc)).

defendants rely upon in their opposition to the motion to remand are inapposite and do not establish that this Court should disregard Carter's citizenship for the purpose of exercising jurisdiction. Because defendants have not demonstrated that Carter—the primary tortfeasor in this lawsuit—was improperly joined as a defendant, this case must be remanded for lack of subject-matter jurisdiction.

## *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion to remand is **GRANTED**. The above-captioned matter is **REMANDED** to Orleans Parish Civil District Court for lack of subject-matter jurisdiction.

New Orleans, Louisiana, September 27, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**